IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LATANGLIA W. DOZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | 26-cv-89 |
| | ) | JURY DEMAND |
| SELMA AIR, | ) | |
| | ) | |
| Defendant. | ) | |

# **COMPLAINT**

## I.     **INTRODUCTION**

1.     This is an action for legal and equitable relief to redress sex discrimination against Plaintiff, Latanglia W. Dozier. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"), which provides for relief against sex discrimination in employment. Plaintiff seeks injunctive relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II.     **JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

3.      A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Dallas County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4.      Plaintiff filed her sex discrimination charge of discrimination with the EEOC within one hundred and eighty (180) days of the discriminatory/retaliatory treatment and files this suit within ninety (90) days of the receipt of her Determination and Notice of Rights from the EEOC dated December 23, 2025.

5.      Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C §1981a.

## III.   PARTIES

6.      Plaintiff, Latanglia W. Dozier (hereinafter "Dozier" or Plaintiff"), is a female citizen of the United States, and a resident of Dallas County, Alabama. Dozier was an employee of Defendant at all times relevant to this litigation.

7.      Defendant, Selma Air (hereinafter "Selma Air" or "Defendant"), is an employer doing business in this district, and at all times relevant to this action, Defendant is the employer of Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## IV.   STATEMENT OF FACTS

8.      Plaintiff was hired by Defendant in August 2017 by Executive Director Ms. Mel Prince.

2

9. Plaintiff has a criminal background and informed Defendant about this prior to her hire. At all times that Plaintiff worked for Defendant, it had knowledge about her criminal history, including the female Executive Director who hired Plaintiff.

10. Over nearly eight years of employment, Plaintiff advanced from outreach worker to even planner, and later to EHE (Ending the HIV Epidemic) Coordinator for the She's Ready Program. In this final role during her tenure, Plaintiff had extensive interaction with the public, which Defendant was aware.

11. During Plaintiff's tenure with Defendant, she (a) was a reliable, full-time team member with only one missed day of work in nearly eight years of employment; (b) tested/educated thousands of individuals for HIV and provided critical outreach; (c) planned and led numerous events for education and awareness; (d) secured external support for Defendant, including a $5,000 grant awarded by Alabama State Senator Robert Stewart on Plaintiff's behalf; and (e) became the public face of the organization in several counties in Alabama.

12. Plaintiff's salary also increased throughout her employment due to her outstanding work/job performance.

13. In December 2022, Ms. Prince passed away from stomach cancer. After her passing, Mr. Larry Cowan assumed effective control of the organization and was

3

later named Executive Director. Following his appointment, the culture and leadership dynamics shifted significantly — particularly toward Plaintiff.

14.    In March 2023, Plaintiff was told by Mr. Cowan that she could no longer conduct off-site testing or community outreach due to her criminal history, citing advice from the board's attorney. Plaintiff asked for written clarification and received only a one-word response: "Received."

15.    However, prior to this directive from Mr. Cowan (a) Plaintiff had only visited one school (Francis Marion High School – Plaintiff's brother's Health class) and had full permission from the principal (Mr. Bruce Jackson) and superintendent (Dr. Marcia Smiley); (b) Alabama law permits such visits with administrative approval; (c) there are no formal complaints or disciplinary actions in her record regarding any such visits; and (d) Plaintiff's previous supervisors, Ms. Lydia Chatmon and Mr. Cedric Wherry, received no negative reports regarding her performance.

16.    Mr. Cowan's enforcement was selective and targeted, especially when he, himself, is a registered sex offender and convicted felon who attended multiple school events — a clear case of unequal enforcement and discrimination.

17.    In August 2024, Plaintiff came back from a medical leave and worked until she was terminated without notice on August 8, 2024. Mr. Cowan stated there was "no place" for her, and they would contact her if something came up. However,

4

this explanation is untrue and inconsistent with organizational practice. Specifically, no one else was let go at that time. Everyone employed before and after Plaintiff remained employed including people she personally helped get hired, such as Louis Armstrong, Erica Norfleet, LaWanda Richardson, and Ashlyn James. All 18 employees kept their jobs.

18.    Grant cycles and budgeting practices remained the same. Nothing changed in the structure or funding model — only the leadership did.

19.    Plaintiff's duties of answering phones, scheduling, filing, and planning events were still necessary at her termination.

20.    Just one week after Plaintiff's termination another individual was hired into her exact role, performing the same responsibilities.

21.    An employee was written into the new AWARE grant while Plaintiff was intentionally written out at Mr. Cowan's direction.  Defendant could have written a position for Plaintiff into the new grant, as it had in previous years for all employees.

22.    Board Chair Ms. Linda Lowry previously assured the entire staff that everyone's job was secure after Ms. Prince's passing. There were three (3) meetings with the entire staff and board members and she said, "no one would lose their job." Yet, when Plaintiff met with her (Lowry) in October, she told Plaintiff that her

5

termination was at the advice of the organization's attorney due to her criminal record.

23.    However, Attorney Kameisha Logan, who Plaintiff knew personally, stated directly to her that she never been advised of Plaintiff's termination and had no role in that decision.

## V.    CAUSES OF ACTION

### COUNT ONE: SEX DISCRIMINATION PURSUANT TO  TITLE VII

24.    Plaintiff is a female.

25.    Plaintiff was terminated by Defendant because of her sex.

26.    The sexual discrimination which Plaintiff is described in the paragraphs above. This discriminatory conduct described in this Complaint was continuing in nature during the course of Plaintiff's employment with Defendant.  Through her termination, Defendant treated a similarly situate male more favorably than Plaintiff.

27.    As a result of Defendant's conduct and the conduct of its management employees, Plaintiff has suffered emotional distress, embarrassment and humiliation.

28.    Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

29.    Plaintiff was subjected to discrimination at the hands of Defendant and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

3.    Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding the position she would have held absent her discriminatory discharge, back-pay plus interest, front-pay in lieu of reinstatement, compensatory, punitive, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY**

Respectfully submitted,

**/s/ *Kevin W. Jent***
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
205/314-0500
kjent@wigginschilds.com

**Defendant's Address:**
To Be Served by Certified Mail
    Selma AIR
    c/o Registered Agent Lynda Lowery
    1405 JL Chestnut Jr Blvd
    Selma, Alabama 36703